UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DUSTIN JAMES RUPPLE | CIVIL ACTION |
| VERSUS | NO. 25-0525 |
| ALOIS P. WARREN, ET AL. | SECTION "D" (2) |

**REPORT AND RECOMMENDATION**

Plaintiff Dustin James Rupple filed a complaint pursuant to 42 U.S.C. § 1983 which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2).

On August 4, 2025, I conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff participating by conference telephone.[2] Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.     FACTUAL ALLEGATIONS**

Rupple is a pretrial detainee currently housed at St. Tammany Parish Jail in Covington, Louisiana. ECF No. 1, ¶II, at 2. Rupple filed this *pro se* and *in forma pauperis* § 1983 complaint against defendants Officer Alois P. Warren and Slidell Police Department. *Id*. at 1.

---

[1] 766 F.2d 179 (5th Cir. 1985).  The purpose of the *Spears* Hearing is to ascertain what the prisoner alleges occurred and the legal basis for the claims.  The information received is considered an amendment to the complaint or a more definite statement under Fed. R. Civ. Proc. 12(e).  *Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991).
[2] ECF No. 9.  Plaintiff was sworn before testifying and the hearing was electronically recorded.

A.      **Complaint (ECF No. 1)**

In his complaint, Rupple asserts that Officer Warren claimed false and fictitious facts, which were unsupported by affidavit or later gained evidence, and posted information about plaintiff on the Slidell Police Department Facebook identifying him as a fentanyl and methamphetamine drug dealer with no evidence to support those assertions. ECF No. 1, ¶IV, at 4. Rupple further alleges that Slidell Police Department used false and fictitious claims to raid his mother's house based on an illegally obtained search warrant and identified him on Fox 8 News.

As relief, Rupple seeks monetary compensation for defamation, alleging that the social media postings make it harder for him to get a job and that he has been unable to work while incarcerated, which he contends not only resulted in lost wages but caused him to lose custody of his son. *Id.*, ¶V, at 5-6.

B.      **Reply to § 1983 Response Order (ECF No. 6)**

In his reply to the court's order for additional information, Rupple provides police reports from an incident on May 7, 2025, where he was charged with one count of distribution of methamphetamine and one count of distribution of fentanyl. ECF No. 6 at 3. He also provides a copy of the Slidell Police Department's application for a search warrant for 1026 Sterling Oaks Boulevard Slidell, Louisiana, 70458. *Id*. at 10.

Rupple claims that Officer Warren intentionally misrepresented facts to obtain the search warrant; therefore, the warrant was illegally obtained. *Id*. at 16.

C.      ***Spears* Testimony**

On August 4, 2025, I conducted a video conference with Rupple. ECF No. 9. Rupple was sworn and testified for all purposes permitted by *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985),

*overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989), and its progeny. The conference was electronically recorded.

During the hearing, Rupple testified that he was charged with possession with intent to distribute fentanyl, possession with intent to distribute methamphetamine, and felon in possession of a firearm or concealed weapon. Rupple stated that all charges are currently pending in state court and related to the same arrest on May 8, 2025, for which he is currently incarcerated. Rupple further testified that his trial on those charges is still pending, and the pending charges form the basis of current claims against the defendants. Rupple stated he has multiple pre-trial motions pending in the criminal proceeding relating to those charges, but he had no hearing date.

Rupple asserts that he sued Officer Warren because Officer Warren authored the search warrant affidavit, which Rupple alleges is false and fictious. Rupple also alleges that Officer Warren illegally obtained information to author the search warrant. Rupple named the Slidell Police Department as a defendant because they employ Officer Warren and thus, he contends, is responsible for his training.

Trial in state court on the pending charges is scheduled to begin on October 20, 2025.

## II.    LEGAL STANDARDS

### A.    Statutorily Required Screening

As soon as practicable after docketing, the court must review a prisoner's § 1983 complaint for a cognizable claim, or dismiss the complaint if it is frivolous and/or fails to state a claim.[3] A claim is frivolous if it "lacks an arguable basis in law or fact."[4] A claim lacks an arguable basis in

---

[3] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); *Martin*, 156 F.3d at 579-80.
[4] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual

law if it is "based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[5] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible . . . ."[6] A court may not dismiss a claim simply because the facts are "unlikely."[7]

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[8] The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments.[9] The Fifth Circuit has summarized the standard for Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."[10]

"[W]hen evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff."[11] Thus,

---

contentions are clearly baseless." *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[5] *Davis*, 157 F.3d at 1005 (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

[6] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

[7] *Id.* at 270.

[8] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[9] *Walch v. Adjutant Gen.'s Dep't*, 533 F.3d 289, 293 (5th Cir. 2008) (citation omitted).

[10] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and quoting *Twombly*, 550 U.S. at 544).

[11] *Id.* at 803 n.44 (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (internal quotations omitted)); *accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014)); *Maloney Gaming Mgt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340

the court should assume the veracity of all well-pleaded allegations, viewing them in the light most favorable to the plaintiff, "'and then determine whether they plausibly give rise to an entitlement to relief.'"[12]

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and FED. R. CIV. P. 12(b)(6), the Supreme Court in *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[13] If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and § 1915(e).[14] "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[15]

### B.  Required Elements of a § 1983 Claim

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[16]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[17]

---

(5th Cir. 2011) (quoting *Elsensohn v. St. Tammany Par. Sheriff's Off.*, 530 F.3d 368, 371 (5th Cir. 2008) (quoting *Iqbal*, 556 U.S. at 696); *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 n.10 (5th Cir. 2017)).

[12] *Jabary v. City of Allen*, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 664); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

[13] *Moore*, 976 F.2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).

[14] *Id*.

[15] *Id*.

[16] 42 U.S.C. § 1983.

[17] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).

A plaintiff must satisfy three elements to establish § 1983 liability:

(1) deprivation of a right secured by the U.S. Constitution or federal law;
(2) that occurred under color of state law; and
(3) was caused by a state actor.[18]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[19] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[20] "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[21]

### III. ANALYSIS

#### A. Improper Defendant

Rupple named the Slidell Police Department based solely on its status as the employer of Officer Warren and thus responsible for his training.

In Louisiana, "a parish sheriff's office is not a legal entity capable of being sued in a federal civil rights action."[22] The same is true of a city police department, which "is merely a department . . . and not a proper party defendant" in a § 1983 action.[23] The State of Louisiana grants no such legal status to any law enforcement office or department.[24] Similarly, under federal law,

---

[18] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).
[19] *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted).
[20] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).
[21] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *accord Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir. 1984).
[22] *Francis v. Terrebonne Parish Sheriff's Office*, No. 08-4972, 2009 WL 4730707, at *2 (E.D. La. Dec. 9, 2009) (citing *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002)).
[23] *Causey*, 167 F. Supp. 2d at 909 (citing *Norwood v. City of Hammond*, No. 99-879, 1999 WL 777713, at *2 (E.D. La. Sep. 30, 1999)).
[24] *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So. 2d 236, 238-39 (La. App. 3d Cir. 1977).

Louisiana's sheriff's offices and city police departments are not considered to be "persons" for purposes of § 1983 liability.[25]

Even if Rupple could name an individual associated with Slidell Police Department as a defendant, there is no *respondeat superior* liability under section 1983.[26] Thus, Slidell Police Department, or its employees, cannot be held liable under § 1983 pursuant to a theory of *respondeat superior* simply because Officer Warren was in its employ or under its supervision.[27] A plaintiff must instead establish that he suffered a constitutional violation or physical injury directly resulting from an order, policy, or directive implemented by the official to create vicarious liability under § 1983.[28] Rupple, however, has not referenced any order, training, or other policy implemented by Slidell Police Department that factored into the events about which he complains.

Given that the Slidell Police Department is not a person or suable entity to be held liable under § 1983, Rupple's claims against Slidell Police Department must be dismissed pursuant to 28 U.S.C. § 1915(e), § 1915A as frivolous and for failure to state a claim upon which relief can be granted.

---

[25] *Creppel v. Miller*, No. 92-2531, 1993 WL 21408, *1 (E.D. La. Jan. 22, 1993) (city police department office); *Causey*, 167 F. Supp. 2d at 909 (city police department); *Melancon v. New Orleans Police Dept.*, No. 08-5005, 2009 WL 249741, at *2 (E.D. La. Jan. 30, 2009) (Order adopting Report and Recommendation) (citing *Montoya v. Taylor*, 44 F.3d 1005 n.1 (5th Cir. 1995)) (city police department).

[26] *Carter v. Strain*, No. 09-3401, 2009 WL 2390808, at *3 (E.D. La. July 31, 2009); *see Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996) ("There is no *respondeat superior* liability under section 1983."); *accord Field v. Corr. Corp. of Am. Inc.*, 364 F. App'x 927, 929 (5th Cir. 2010); *Cox*, 281 F. App'x at 391; *Kohler*, 470 F.3d at 1114-15.

[27] *Sanders v. English*, 950 F.2d 1152, 1160 (5th Cir. 1992); *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979); *Barksdale v. King*, 699 F.2d 744, 746 (5th Cir. 1983).

[28] *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 1991); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988); *see also*; *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (Supervisory officials "are not liable for the actions of subordinates on any theory of vicarious liability" and will only be liable if the official "implement[s] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."); *Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998) (a supervisory official may be liable for the acts of a subordinate if the plaintiff can establish that the supervisor either failed to supervise or train the subordinate, that a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights, and the failure to train or supervise amounted to deliberate indifference).

B.    *Heck* **Doctrine**

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that, to avoid improper collateral attacks to convictions, a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or a plaintiff's present confinement.[29] The Supreme Court held that a plaintiff in a civil rights action under § 1983 may not recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[30] The *Heck* doctrine applies to civil actions for both monetary and injunctive or other relief.[31]

The Supreme Court has applied a modified version of the *Heck* bar to pretrial detainees in *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). In *Wallace*, the Court explained that, if a pretrial detainee files civil rights claims related to the validity of a pending criminal proceeding, the best practice is for the district court to stay the civil rights action until the pending criminal case is resolved to determine the impact of the *Heck* limitations.[32] The Court in *Wallace* explained:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed

---

[29] *Heck*, 512 U.S. at 484-85.
[30] *Heck*, 512 U.S. at 486-87 (internal footnote omitted).
[31] *Clarke v. Stadler*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Edwards v. Balisok*, 520 U.S. 641 (1997)).
[32] *Wallace*, 549 U.S. at 393-94; *see Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (finding stay of pretrial § 1983 challenges to an ongoing state criminal proceeding to be the best practice).

civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.[33]

In this case, success on Rupple's claims, which include illegally obtaining evidence, claiming false and fictious facts, and false arrest, if proven, would imply the invalidity of his state court proceedings. For that reason, Rupple's § 1983 claims against defendant Officer Warren pertaining to his pending criminal charges are prematurely before the court. Therefore, pursuant to *Wallace*, this matter should be stayed pending resolution of the criminal charges currently pending against Rupple in state court.

## IV.     RECOMMENDATION

For the foregoing reasons,

It is **RECOMMENDED** that plaintiff Dustin James Rupple's 42 U.S.C. § 1983 claims against defendant Slidell Police Department be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e), § 1915A as frivolous and for failure to state a claim upon which relief can be granted.

It is **FURTHER RECOMMENDED** that, pursuant to *Wallace v. Kato*, Plaintiff's claims against Officer Alois P. Warren should be **STAYED** and the case **ADMINISTRATIVELY CLOSED** for statistical purposes. If Plaintiff intends to proceed with the claims against Officer Warren, he must file a motion to lift the stay within 30 days after the date that the criminal proceedings terminate in his favor by either an acquittal or a failure to convict. If the stay is lifted and the Court finds that Plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under *Heck*; if no such finding is made, the action will proceed, absent some other bar to suit.

---

[33] *Wallace*, 549 U.S. at 393-94 (citations omitted).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[34]

New Orleans, Louisiana, this __29th__ day of August, 2025.

　　　　　　　　　　　　　　　　　　　　　　DONNA PHILLIPS CURRAULT
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[34] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.